KENNEDY, Circuit Judge,
dissenting:
The majority relies upon an Immigration and Naturalization Service case which can be distinguished from Malaluan’s situation and ignores a prior case of this court which cannot.
The majority cites Arlington Earl Bodden and Maureen Eleanor Bodden, Immigration *596 File Nos. A20-978-896 and A20-978-898, as authority for its decision. That I&NS decision differs from this case for reasons which are not obvious from the court’s opinion. Here, all of the changes in circumstances which, the petitioner alleges, would make deportation an extreme hardship were changes that occurred while petitioner knew an order for her deportation was outstanding. The petitioners in the Bodden case, however, were not under deportation orders at any time in the ten years of their United States residence during which they formed the cultural, economic, and familial ties with this country that the Service cited as grounds for a suspension of deportation.
In my view, this case is controlled by Lee v. Immigration and Naturalization Service, 550 F.2d 554 (9th Cir. 1977), which the majority purports to distinguish in footnote 5 of its opinion. The facts presented here differ from those in Lee only in that Mala-luan has two citizen children whereas Lee had only one, and in that Malaluan has a mother and brother who are permanent United States residents. These are differences of degree, not of kind. The court in Lee held that the “possibility of inconvenience to the citizen child is not a hardship of the degree contemplated by the statutory language of extreme hardship.” 550 F.2d at 556. Given this standard it hardly follows that inconvenience to two children should count for more than inconvenience to one child. Malaluan did not allege specific detriment, for example, interruption of her children’s education, which would result from her deportation. I cannot agree that the Board abused its discretion in failing to distinguish this case from Lee. Although immigration cases, such as this one, often present sympathetic fact situations, we are nonetheless bound by statutory standards of review as well as by the law of this circuit. I therefore dissent from the judgment of the court.